PEOPLE, PLAINTIFF AND APPELLEE, *v.* AVENAU, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of Section 300 of the Penal Code.

No. 1485.—Decided March 29, 1920.

GAMING—CONSTRUCTION OF LAW.—The charge that the defendant, whose name is Cruz Avenau, permitted a prohibited game to be played ''in a restaurant of Cruz Avenau'' is the same as charging that he permitted it in a house, owned by him. The word ''house'' used in section 300 of the Penal Code is a generic term to include practically every enclosure where men may assemble and sit down, especially if it has a roof over it. A restaurant is, only a special instance of a house.

ID.—EVIDENCE—APPEAL.—Although the evidence is contradictory, if that for the prosecution tends to establish a *prima facie* case that a prohibited game was being conducted in a house of the defendant and that the defendant was extracting a profit from the game, in order that the Supreme Court may interfere with the weighing of the evidence by the trial court it is necessary to show that the court was influenced by prejudice, passion or partiality, or committed manifest error.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Cruz Avenau was found guilty of the offense denounced in section 300 of the Penal Code, namely, ''of permitting a prohibited game to be played, conducted or dealt in any house owned by such person,'' and he appealed. He now

maintains, first, that the complaint failed to state a public offense inasmuch as the game took place in a *cafetín* of Cruz Avenau, whereas the statute requires that the game must have been played or conducted "in a house owned or rented" by a person. The use of the preposition "of" ("*de*") sufficiently describes the ownership in the absence of an application for further specification. "House" as used in section 300 is a generic term to include practically every enclosure where men may assemble and sit down, especially if it has a roof over it. A *cafetín* is only a special instance of a house. The word "*cafetín*," as used in Porto Rico, means practically any small place where refreshments or the like are sold. The complaint was sufficient. The second ground of error relates to the evidence.

The proof is not very strong, but a policeman testified that he found a game of *monte* going on and saw a rake-off being extracted and put into a pot where there was other money. He surprised the players. It is true that he had no great opportunity to watch many plays, but he was allowed to state without objection (except as to its not being the best proof) that some of the players had been arrested and convicted. The convictions were brought out in the examination of the defense without objection. The proof in opposition was that a game of dominoes was being played and that the 29 cents that the policeman seized was not a rake-off, but change from a dollar for refreshments. Although contradicted, there was a *prima facie* case that a prohibited game was being conducted from which the defendant was extracting a profit and that such prohibited game was being conducted in a house of defendant and appellant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.